59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
D.J.G., Juvenile Male, Defendant-Appellant.
 No. 94-30305.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 D.J.G. appeals his adjudication of juvenile delinquency for second degree murder. D.J.G. contends there was insufficient evidence to establish his participation in the killing and his intent to kill. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We determine whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Roston, 986 F.2d 1287, 1289 (9th Cir.), cert. denied, 114 S.Ct. 206 (1993). Second degree murder requires the trier of fact to conclude that the defendant killed the victim with malice aforethought. Id. at 1290. "Malice aforethought ... embraces the state of mind with which one intentionally commits a wrongful act without legal justification or excuse." United States v. Celestine, 510 F.2d 457, 459 (9th Cir.1975). The fact finder may infer from the circumstances that the defendant displayed "a wanton and depraved spirit, a mind bent on evil mischief without regard to its consequences." Id.
 
 
 4
 Here, the evidence, construed in the light most favorable to the government, established that D.J.G. and T.O. spent the afternoon drinking beer and tequila in T.O.'s bedroom. Two friends, B.H. and L.L., were also present. B.H. remembers D.J.G. and T.O. leaving the bedroom through the window late that night. D.J.G. was wearing B.H.'s black jacket and T.O. was wearing a plaid shirt.
 
 
 5
 While walking through the residential area looking for parties, T.O. stumbled across some blankets that belonged to his family. T.O. grabbed them, then D.J.G. and T.O. began kicking the body in the blankets.
 
 
 6
 T.O. and D.J.G. carried the body away from T.O.'s house to an area behind Cyrjoshua Pete's house. There, T.O. and D.J.G. resumed kicking the body. D.J.G. unwrapped a condom, but when he was unable to put it on, he threw it down. Then, T.O. recognized the woman as Agnes Lora, a 38-year-old woman to whom he had lent the blankets that morning.
 
 
 7
 At about 3:30 a.m., Pete heard thumping noises against his wall. He went outside and saw a person in a plaid shirt standing over a half naked lady with a bottle in his hand. He saw a tall person and a short person run away. He recognized the tall person in the plaid shirt as T.O. Pete's aunt telephoned the police.
 
 
 8
 B.H. remembers D.J.G. and T.O. returning through the bedroom window. She heard one of the boys say, "Hurry, hurry; someone might have seen us." The next day, both boys "were freaking out." D.G.J. told L.L. that "he ... kicked this lady last night." D.J.G. told B.H. "that he had been kicking the lady," that he "was messing around and just threw [a condom] down on the lady," and that "[t]hey didn't mean to kill her."
 
 
 9
 In the interim, the police arrived at the scene and discovered Lora, moaning and bleeding, in the yard. She died at the hospital. The pathologist testified that Lora died of severe blood loss caused by blunt force trauma. Her wounds included multiple bruises, multiple rib fractures, and lacerations to the liver, eyes, and neck. Her blood alcohol content was .40.
 
 
 10
 The officers found B.H.'s black jacket near the body as well as a 64-ounce beer bottle, a condom, and a condom wrapper.
 
 
 11
 T.O. lied to the investigating officers by first denying involvement in the offense, then blaming the beating on a group of Mexicans, then blaming D.J.G. Eventually, T.O. agreed to plead to juvenile delinquency for voluntary manslaughter and to testify against D.J.G. At trial, T.O. denied hitting Lora with a bottle. T.O. admitted that he had inflicted ten to twelve kicks and stated that D.J.G. kicked Lora more than that.
 
 
 12
 D.J.G. contends that the testimony of his accomplice was incredible on its face because T.O. entered a plea agreement, was impeached with his lies to investigating officers, and continued to deny that he hit Lora with a beer bottle despite Pete's testimony. We disagree. T.O.'s testimony was not unreliable on its face. Other evidence placed D.J.G. at the scene of the beating, including Pete's testimony that he saw T.O. and another boy standing over the body and the discovery of D.J.G.'s black jacket nearby. Moreover, T.O.'s trial testimony was corroborated by D.J.G.'s own admissions to his friends that he had kicked a lady. E.g., United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987). These same admissions render meritless D.J.G.'s argument that the evidence established only D.J.G.'s presence at the scene.
 
 
 13
 Finally, inflicting kicks of "considerable force" on a drunk, sleeping, defenseless woman was sufficient evidence on which the trier of fact could infer that D.J.G. committed the crime "without legal justification" and "a mind bent on evil mischief without regard to its consequences." See Roston, 986 F.2d at 1290 (evidence that defendant smashed victim's head against deck of ship before throwing her unconscious body overboard established malice aforethought); United States v. Boise, 916 F.2d 497, 500 (9th Cir.1990) (evidence that defendant either threw his six-week old son against a wall or hit him in the head established malice aforethought), cert. denied, 500 U.S. 934 (1991).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3